UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| PAULA PEACE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. |
| | ) |
| SUNTRUST BANK, | ) |
| | ) |
| Defendant. | ) |

## PLAINTIFF'S COMPLAINT

Plaintiff, PAULA PEACE, ("Plaintiff") files this lawsuit for damages, and other legal and equitable remedies, resulting from the illegal actions of SUNTRUST BANK, ("Defendant"), in negligently, knowingly, and/or willfully contacting Plaintiff on Plaintiff's cellular telephone in violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227 *et seq.* ("TCPA").

## JURISDICTION AND VENUE

1. Jurisdiction in this Court is proper pursuant to 28 U.S.C. § 1331 as Plaintiff's claims arise under the laws of the United States.

2. This Court has federal question jurisdiction because this case arises out of violations of federal law. 47 U.S.C. §227(b); *Mims v. Arrow Fin. Servs., LLC*, 132 S. Ct. 740 (2012).

3. Defendant conducts business in Clarksville, Montgomery County, Tennessee.

4. Venue and personal jurisdiction in this District are proper because Defendant transacts business in this District, and a material portion of the events at issue occurred in this District.

## PARTIES

1

5. Plaintiff, is a resident of Nashville, Davidson County, Tennessee.

6. Defendant is based in Atlanta, Fulton County, Georgia

## FACTUAL ALLEGATIONS

7. Within four (4) years of Plaintiff filing this Complaint, Defendant called Plaintiff's cellular telephone number ending in 2893.

8. All of the telephone calls Defendant made to Plaintiff were an attempt to collect on Plaintiff's alleged debt.

9. None of the calls Defendant made to Plaintiff were for an emergency purpose.

10. Defendant called Plaintiff from the following numbers: 888-893-1773 and 888-430-0010.

11. The following numbers are Defendant's numbers: 888-893-1773 and 888-430-0010.

12. On or around October 5, 2016, Plaintiff spoke with Defendant's representative and requested the calls to stop.

13. Despite Plaintiff's request that Defendant stop calling Plaintiff's cellular telephone, Defendant continued to call Plaintiff's cellular telephone.

14. Prior to calling Plaintiff's cellular telephone, Defendant knew the number was a cellular telephone number.

15. All of the calls Defendants made to Plaintiff's cellular telephone resulted in Plaintiff incurring a charge for incoming calls.

16. On at least one occasion, Defendant learned that Plaintiff wanted Defendant to stop calling Plaintiff's cellular telephone.

17. Even if at one point Defendant had permission to call Plaintiff's cellular telephone, Plaintiff revoked this consent.

18. Defendant continued to call Plaintiff's cellular telephone after Defendant knew Plaintiff wanted the calls to stop.
19. Within 4 years of Plaintiff filing this Complaint, Defendant used an automatic telephone dialing system to call Plaintiff's cellular telephone.
20. The telephone dialer system Defendant used to call Plaintiff's cellular telephone has the capacity to store telephone numbers.
21. The telephone dialer system Defendant used to call Plaintiff's cellular telephone has the capacity to call stored telephone numbers automatically.
22. The telephone dialer system Defendant used to call Plaintiff's cellular telephone has the capacity to call stored telephone numbers without human intervention.
23. The telephone dialer system Defendant used to call Plaintiff's cellular telephone has the capacity to call telephone numbers in sequential order.
24. The telephone dialer system Defendant used to call Plaintiff's cellular telephone has the capacity to call telephone numbers randomly.
25. The telephone dialer system Defendant used to call Plaintiff's cellular telephone selects telephone numbers to be called according to a protocol or strategy entered by Defendant.
26. The telephone dialer system Defendant used to call Plaintiff's cellular telephone simultaneously calls multiple consumers.
27. While Defendant called Plaintiff's cellular telephone, Plaintiff's cellular telephone line was unavailable for legitimate use during the unwanted calls.
28. Defendant's calls constitute calls that are not for emergency purposes as defined by 47 U.S.C. § 227(b)(1)(A).
29. As a result of Defendant's alleged violations of law by placing these automated calls to

3

Case 3:17-cv-00962   Document 1   Filed 06/21/17   Page 3 of 5 PageID #: 3

Plaintiff's cellular telephone without prior express consent, Defendant caused Plaintiff harm and/or injury such that Article III standing is satisfied in at least the following, if not more, ways:

  a. Invading Plaintiff's privacy;

  b. Electronically intruding upon Plaintiff's seclusion;

  c. Intrusion into Plaintiff's use and enjoyment of her cellular telephone;

  d. Impermissibly occupying minutes, data, availability to answer another call, and various other intangible rights that Plaintiff has as to complete ownership and use of her cellular telephone;

  e. Causing Plaintiff to expend needless time in receiving, answering, and attempting to dispose of Defendant's unwanted calls.

## DEFENDANT VIOLATED THE TELEPHONE CONSUMER PROTECTION ACT

30. Defendant's conduct violated the TCPA by:

  a. Placing non-emergency telephone calls to Plaintiff's cellular telephone using an automatic telephone dialing system and/or pre-recorded or artificial voice in violation of 47 U.S.C. § 227 (b)(1)(A)(iii).

WHEREFORE, Plaintiff, PAULA PEACE, respectfully requests judgment be entered against Defendant, SUNTRUST BANK, for the following:

31. As a result of Defendant's negligent violations of 47 U.S.C. 227(b)(1), Plaintiff is entitled to and requests $500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. 227(b)(3)(B).

32. As a result of Defendant's willful and/or knowing violations of 47 U.S.C. 227(b)(1),

Plaintiff is entitled to and requests treble damages, as provided by statute, up to $1,500.00, for each and every violation, pursuant to 47 U.S.C. 227(b)(3)(B) and 47 U.S.C. 227(b)(3)(C).

33. Plaintiff is entitled to and seeks injunctive relief prohibiting such conduct in the future.

34. Any other relief that this Honorable Court deems appropriate.

RESPECTFULLY SUBMITTED,

DATED: June 19, 2017           By: /s/ William M. Kaludis
                                                          William M. Kaludis
                                                          BPR #17433
                                                          Shield Law Group
                                                          1230 2nd Ave. S.
                                                          Nashville, TN 37210
                                                          Tel: (615) 742-8020
                                                          Fax: (615) 255-6037
                                                          bill@shieldlawgroup.com